PER CURIAM.
The defendant, Chinetti Garthwaite Imports, Inc. (Chinetti), filed this interlocutory appeal from an order denying its motion to dismiss.
In this action, the appellee Mark Sadkin sued Ferrari, alleged to be an Italian corporation, Orange Motors of Miami, Inc. (Orange Motors), and Chinetti. Sadkin sought damages for breach of warranty of fitness and merchantability of a Ferrari automobile which he had purchased from Orange Motors for a price of $16,150.00, and which it was alleged had material mechanic defects which the seller had been unable to eliminate and which could not be eliminated. Ferrari was the manufacturer. Chi-netti was the authorized Ferrari distributor for the eastern part of the United States. Orange Motors, of Dade County, was a Ferrari dealer, authorized and acting under a franchise agreement granted by Chinetti.
Chinetti is a corporation formed under the laws of the State of Delaware, having its principal office and place of business in Pennsylvania. Substituted service was made on Chinetti in the manner prescribed in Section 48.081, Florida Statutes (1975), on the basis of it being a foreign corporation engaged ■ in business in Florida. See Sections 48.181, 48.193 and 48.194, Florida Statutes (1975).
Chinetti moved to dismiss, stating as grounds that Chinetti had insufficient contacts in Florida to subject it to jurisdiction, and that there was insufficient service of process. After considering evidence submitted by the parties relevant to the jurisdiction question, the court entered the order appealed from which, without statement of facts or findings, ordered that Chinetti’s motion to dismiss be denied, and setting the time for answer by said defendant.
The appellant contends that the trial court erred in denying its motion to dismiss, on the ground that it was not subject to service under Section 48.181(1) and (2), Florida Statutes (1975). Having reviewed the franchise agreement executed by the parties herein, and having considered the deposition of the president of Orange Motors setting forth the actions of the parties, both prior to and subsequent to execution of the franchise agreement, we find there *91 was a sufficient showing to support the ruling, inherent in the order, that the appellant was amenable to service of process under the aforementioned statutes.
Affirmed. '